976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Orlando MARTINEZ, Defendant-Appellant.
 No. 92-1042.
 United States Court of Appeals, Tenth Circuit.
 Sept. 23, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Orlando Martinez appeals from an order of the district court denying his motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255. We affirm the district court's decision on the ground that Defendant's claims of newly discovered evidence and ineffective assistance are successive and his claim regarding the withholding of exculpatory evidence is unsupported.
 
 
 3
 Defendant was convicted of possessing both heroin and cocaine with the intent to distribute, based on the following facts. Denver police officers pulled over a vehicle in which Defendant was riding as a passenger. When Defendant stepped out of the car, balloons, snow-seals, and plastic bags fell out on the street. A search of his pockets revealed a large sum of money, more balloons, and plastic bags. Cocaine, heroin, and drug paraphernalia were found inside the car. The question became, therefore, who had control and dominion over the vehicle.
 
 
 4
 At trial, the main testimony came from the driver of the vehicle, Reggie Owens. Owens testified that Defendant arrived with the vehicle and paid Owens $400.00 to drive Defendant to various stops. Another witness, George Benningfield, testified that the car actually belonged to his employer, the Divine Missionary Baptist Church (which apparently operates Community Education Counseling, Inc.), but that he wrote out a purported bill of sale to Defendant's brother upon Defendant's request. Based on the testimony of these two witnesses, the jury found that Defendant possessed the cocaine and heroin found in the vehicle.
 
 
 5
 Defendant now presents two pieces of "newly discovered evidence" to show that Benningfield's testimony was perjured. This evidence consists of newspaper clippings describing the "super cop scandal," in which several Denver police officers set up robberies and burglaries with Benningfield's help, and a copy of the car title, which shows that the vehicle was not properly transferred to Community Education Counseling, Inc., because the seller's signature was not notarized. He also claims that his attorney was ineffective and that the prosecution withheld exculpatory evidence.
 
 
 6
 Defendant has contested the validity of his convictions on a number of occasions. On direct appeal, he was granted leave to raise sixteen issues in addition to those raised by his appellate counsel. These issues included whether he should have been afforded a copy of the grand jury transcript and whether adequate time had been granted to prepare a proper defense. The district court's judgment was affirmed in all respects. United States v. Martinez, Nos. 89-1130 & 89-1138 (10th Cir. Sept. 7, 1990).
 
 
 7
 Defendant then filed a motion for new trial, pursuant to Fed.R.Crim.P. 33, alleging the discovery of new evidence. His motion was premised on the same newspaper reports which form the basis for his current § 2255 motion. In United States v. Martinez, No. 90-1344 (10th Cir. June 6, 1991), we affirmed the district court's decision that such impeachment evidence was insufficient to warrant a new trial, noting that the newspaper reports were not specifically related to Defendant's case.
 
 
 8
 Defendant next filed a motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, alleging, inter alia, ineffective assistance of counsel and the discovery of new evidence. This motion was denied on August 12, 1991. No appeal was taken from the denial.
 
 
 9
 On December 2, 1991, Defendant filed a motion for relief pursuant to Fed.R.Crim.P. Rule 32. The following day, he filed his second motion pursuant to 28 U.S.C. § 2255, in which he again argued the existence of newly discovered evidence and ineffective assistance of counsel. Defendant also claimed that he was improperly sentenced and made an oblique reference to the government's purported failure to reveal Benningfield's criminal background. In its answer, the government argued that these issues had been raised and decided previously and requested that the successive petition be dismissed. Defendant's second § 2255 motion was denied on January 6, 1992. This appeal follows.
 
 
 10
 28 U.S.C. § 2255 provides, in pertinent part, that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." In Sanders v. United States, 373 U.S. 1, 15 (1963), the Supreme Court stated that a subsequent petition for relief under § 2255 may be dismissed if, "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." The "ends of justice" require review only when the defendant "supplements his constitutional claim with a colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 11
 Here, Defendant's claims of newly discovered evidence and ineffective assistance of counsel were raised in a prior § 2255 motion and were determined on their merits.[1] Defendant's second application advances no "colorable showing of factual innocence." For these reasons, Defendant's first two issues are successive, requiring no consideration on their merits.[2]
 
 
 12
 Defendant argues finally that the prosecution improperly withheld exculpatory evidence. The record clearly demonstrates that defense counsel was aware of both the contents of the car title and of witness Benningfield's criminal record. The record also shows that a copy of the grand jury transcript was provided to defense counsel well before trial. Finally, there is no evidence that the prosecution knew of Benningfield's involvement in the "super cop scandal" prior to trial. Defendant's claim, therefore, is without merit.
 
 
 13
 Defendant's request for discovery is hereby denied, and the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although it is not clear whether a copy of the vehicle title was submitted with Defendant's prior petition, such evidence cannot be considered "newly discovered." The jury was fully informed of the contents of the title and the fact that the document had not yet been submitted to the Department of Motor Vehicles. R.Supp. Vol. III at 73. Moreover, contrary to Defendant's statement, the information in the car title did not contradict any testimony by witness Benningfield. Therefore, "discovery" of the car title adds nothing to Defendant's argument concerning Benningfield's testimony
 
 
 [2]
 Even if we were to address the merits of Defendant's claims, a review of the record convinces us that the district court's decision should be affirmed